UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAWSON VALLEE** | * | NO. 2:20-cv-01571 |
| | * | |
| **Plaintiff** | * | JUDGE: SARAH S. VANCE |
| | * | |
| **VERSUS** | * | MAG.: KAREN WELLS ROBY |
| | * | |
| **CROWN EQUIPMENT CORPORATION** | * | |
| **OF OHIO d/b/a CROWN LIFT TRUCKS,** | * | SECTION: "R" (4) |
| **GEORGE BORDELON, AND** | * | |
| **ADAM GIROIR** | * | |
| | * | |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFF'S STATEMENT OF CONTESTED FACTS IN SUPPORT OF
HIS MEMORANDUM IN OPPOSITION TO DEFENDANT'S, CROWN EQUIPMENT
CORPORATION, MOTION FOR SUMMARY JUDGMENT ON
<u>REASONABLY ANTICIPATED USE</u>**

**NOW INTO COURT,** comes Plaintiff, Dawson Vallee, which respectfully submits this Statement of Contested Facts in relation to its Memorandum in Opposition to Defendant's Motion for Summary Judgment of Reasonably Anticipated Use. Under Local Rule 56.1, "every motion for summary judgment must be accompanied by a separate and concise statement of the material facts which the moving party contends present no genuine issue." Under Local Rule 56.2, "all material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement." Plaintiff, Dawson Vallee contends the following facts are undisputed:

1. Dawson Vallee did not voluntarily or intentionally place his foot out of the open compartment of the stand-up forklift C-21.[1]

---

[1] Deposition of Dawson Vallee Exhibit "1", p. 72, lines 20-25.

2. Dawson Vallee did not review the Crown's Operation Manual and the warning referenced in Doc. 110-2 p.2.[2]

3. Dawson Vallee was a certified forklift operator.[3]

4. Even with warnings and instructions, all of which are inadequate measures to prevent injury, Dawson Vallee's left leg involuntarily left the confines of the open compartment.[4]

5. Dawson Vallee's left leg involuntarily left the open compartment as a result of the activation of his autonomous human balance system.[5]

6. Crown knows that in the environment where stand-up forklifts are used, there will be incidental and unexpected contacts between the lift and stationary objects.[6]

7. Crown knows that there have been contacts between its stand-up forklifts and stationary objects producing severe left leg injuries to nearly 700 operators.[7]

8. Although Crown places warnings within its operation manual, Doc. 110-2 pp. 2-4, the warnings are conflicting and self-defeating advising the operators to stay in the compartment until the stand-up forklift comes to a complete stop but to jump[8] in an unexpected, emergency tip over/off-dock accident. As such, these warnings are conflicting in emergency events.

9. The warnings were placed and displayed on the forklift in such a way that they appeared as "stickers" which did not provoke Dawson Vallee's attention.[9]

10. Crown's head of product safety, Ronald Grisez, understands that known foreseeable risks, including "misuse", must be factored into the risk assessment.[10]

---

[2] Deposition of Dawson Vallee Exhibit "1", p. 72, lines 9-8
[3] Deposition of Dawson Vallee Exhibit "1", p. 32, lines 7-16
[4] Dr. John Meyer's expert report Doc. 115-2 pp 29, 64, 65, 69
[5] Dr. John Jeka's report Doc.138-1 p. 4
[6] Deposition of Ronald Grisez, *Johns v. Crown* Exhibit 9, p _____ line _____
[7] Dr. Ziernicki's graphs, Doc. 137-4, 137-, 1376
[8] Dr. John Meyer's report, Doc.115-2 p. 37
[9] Deposition of Dawson Vallee, Exhibit "1" p. 37, lines 12-15
[10] Deposition of Ronald Grisez, *Johns v. Crown* Exhibit 9, p. 146

11.  Mr. Vallee was **not speeding** at the time of this accident.

12.  The written statement of Quinn Fassbender contradicts Quinn's Fassbenders' deposition.[11]

13.  The multi-function handle (joy stick) failed to plug at the time of the accident.[12]

14.  Based upon the nearly 700 severe left leg injuries, Crown knows or should know the warning instructions have not and do not work in foreseeable emergency events, such as Dawson Valle's in narrow aisle environment.[13]

15.  Ronald Grisez knows that risk assessment, product use, hazard designs, and use and misuse of the product must be considered in stand-up forklift design.[14]

Respectfully submitted,

/s/Patrick G. Kehoe, Jr.
Patrick G. Kehoe, Jr. #14419
3524 Canal Street
New Orleans, LA 70119
(504) 588-1110
(504) 588-1954 Fax


WARSHAUER LAW GROUP, P.C.
Michael J. Warshauer GA Bar #018720
Admitted Pro Hac Vice
2740 Bert Adams Road
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 Fax
Counsel for Plaintiff Dawson Vallee

---

[11] Quinn Fassbender written statement Exhibit "4".
[12] Deposition of Dawson Vallee Exhibit "1" p. 65 line 24.
[13] Dr. John Meyer, *see fn* 4, *supra*
[14] Deposition of Ronald Grisez, *Johns v. Crown* Exhibit 9, pp. 13-15

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of the Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means this 2nd day of November 2021.

                                        /s/Patrick G. Kehoe, Jr.
                                        PATRICK G. KEHOE, JR.