UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAWSON VALLEE | CIVIL ACTION |
| VERSUS | NO. 20-1571 |
| CROWN EQUIPMENT CORP. OF OHIO, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Crown Equipment Corporation's ("Crown") motion for summary judgment on plaintiff Dawson Vallee's claims for negligence and negligent maintenance and repair.[1] Plaintiff opposes the motion.[2] Because plaintiff's claims for negligence and negligent maintenance and repair are precluded by the exclusivity provision of Louisiana's products-liability statute, the Court grants Crown's motion, and dismisses those claims.

### I. BACKGROUND

This case arises out of a forklift accident in Harahan, Louisiana.[3] On May 3, 2019, plaintiff Dawson Vallee was operating a forklift designed and

---

[1]   R. Doc. 111.
[2]   R. Doc. 140.
[3]   R. Doc. 1-2 ¶ II.

manufactured by defendant Crown. Plaintiff testified that the joystick on the forklift stopped responding, and he lost control of the machinery.[4] He further testified that the forklift "jerked [him] around,"[5] and his left leg "got kicked out to the outside" of the machine.[6] The forklift collided with a pole, and plaintiff's left leg was crushed between the pole and the forklift.[7] As a result of the accident, plaintiff underwent a below-the-knee amputation of his left leg.[8]

On May 1, 2020, plaintiff filed suit against Crown[9] in Louisiana state court, alleging defective design and manufacture of the forklift, as well as "[a]ny and all acts of negligence including any and all other breaches of duty which may be proved at trial."[10] Plaintiff also alleges that Crown employees were negligent in their maintenance and repair of the forklift at issue.[11] On

---

[4] R. Doc. 141-2 at 63 (Deposition of Dawson Vallee at 63:24-25).
[5] *Id.* at 64 (Deposition of Dawson Vallee at 64:7-8).
[6] *Id.* at 73 (Deposition of Dawson Vallee at 73:13-14).
[7] *Id.* at 64 (Deposition of Dawson Vallee at 64:9-11).
[8] R. Doc. 141 at 1.
[9] Plaintiff also sued individual employee-defendants George Bordelon and Adam Giroir, but plaintiff's claims against both Bordelon and Giroir have been dismissed. R. Docs. 15 & 32. Only Crown remains as a defendant.
[10] R. Doc. 1-2 ¶ III.
[11] *Id.*

May 29, 2020, Crown removed the case to federal court, contending that the diversity requirements of 28 U.S.C. § 1332 were satisfied.[12]

On October 20, 2021, Crown moved for summary judgment, seeking dismissal of plaintiff's claims for "negligence" and/or "negligent maintenance and repair."[13] Crown asserts that, because plaintiff's claims against it are governed by the Louisiana Products Liability Act ("LPLA"), and because the statute sets out the exclusive theories of liability for manufacturers of products that have allegedly caused damage, plaintiff may not recover on the basis of any theory, including negligence, not provided for in the statute.[14] Plaintiff opposes the motion, contending that its negligence claims are cognizable because they are asserted against Crown as a repairer, not a manufacturer.[15]

The Court considers the parties' arguments below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

| | |
|---|---|
| 12 | R. Doc. 1 at 1. |
| 13 | R. Doc. 111. |
| 14 | R. Doc. 111-1 at 5. |
| 15 | R. Doc. 140 at 6-8. |

judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257,

4

1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

The Louisiana Products Liability Act ("LPLA") provides for "the exclusive theories of liability for manufacturers for damage caused by their products." La. Rev. Stat. § 9:2800.52; *see also Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 526 (5th Cir. 1995) (noting that the LPLA's remedies are "exclusive"). The statute expressly states that "[a] claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter." La. Rev. Stat. § 9:2800.52. The LPLA provides for four theories of recovery: construction or composition defect, design defect, inadequate warning, and breach of express warranty. *McKinney v. Superior Van & Mobility, LLC*, No. 20-1169, 2021 WL 1238906, at *3 (E.D. La. Apr. 2, 2021) (Africk, J.) (quoting *Rhodes v. Covidien LP*, No. 18-10667, 2019 WL 2162845, at *2 (E.D. La. May 17, 2019) (Vance, J.)); *see also* La. Rev. Stat. §§ 9:2800.55-.58.

Here, plaintiff has alleged defective design and manufacture against Crown.[16] It is undisputed that plaintiff's defect claims against Crown are governed by the LPLA.[17] It follows, then, that plaintiff's freestanding claims

---

16     R. Doc. 1-2 ¶ III.
17     *See, e.g.*, R. Doc. 140 at 5-8 (Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment) (arguing the effect of the LPLA on plaintiff's non-LPLA claims).

6

of negligence and negligent maintenance and repair—asserted against Crown, and not among the theories available under the LPLA—are precluded by the statute's exclusivity provision.

This application of the LPLA is consistent with prior rulings of this Court, *e.g.*, *Scianneaux v. St. Jude Med. S.C., Inc.*, 961 F. Supp. 2d 808, 811 (E.D. La. 2013) (Vance, J.) (dismissing plaintiff's independent claims of breach of express and implied warranties, strict liability, fraud, and negligence, based on the LPLA's exclusivity provision, when the "cause of action sound[ed] in product liability"), rulings of other sections of the Court, *see McKinney*, 2021 WL 1238906, at *7 (Africk, J.) (dismissing plaintiff's claims of negligent maintenance based on the LPLA's exclusivity provision); *Pitre v. Yamaha Motor Co.*, 51 F. Supp. 3d 644, 661 (E.D. La. 2014) (Brown, J.) (dismissing plaintiff's claims of negligence, fraudulent concealment, and unjust enrichment, based on the LPLA's exclusivity provision); *Stroderd v. Yamaha Motor Corp., U.S.A.*, No. 04-3040, 2005 WL 2037419, at *2 (E.D. La. Aug. 4, 2005) (Fallon, J.) (dismissing plaintiff's claims of negligent repair and breach of contract based on the LPLA's exclusivity provision), as well as the rulings of Louisiana state courts, *see Touro Infirmary v. Sizeler Architects*, 947 So. 2d 740, 744 (La. App. 4 Cir. 2006) ("Courts have consistently held the LPLA subsumes all possible causes of action, with the

7

exception of a claim in redhibition. Hence, the breach of express warranty is encompassed by the LPLA and is no longer viable as an independent theory of recovery against a manufacturer."). Accordingly, the Court dismisses plaintiff's claims of negligence and negligent maintenance and repair against Crown.

Plaintiff's argument in opposition is unavailing. He asserts that courts have recognized an exception to the LPLA's exclusivity provision, permitting non-LPLA claims against a manufacturer-defendant if the "defendant's capacity as a manufacturer is [not] essential" as to those claims.[18] He contends that, here, Crown wears "two hats"—as both a manufacturer and a repairer—and that his negligence claims are asserted against Crown in its capacity as the *repairer*, not manufacturer, of the forklift.[19] Plaintiff contends that his claims are therefore not barred by the LPLA.[20]

Plaintiff cites a single case for this proposition: *Crawford v. Dehl*, No. 08-463, 2008 WL 4186863 (W.D. La. 2008) (Hayes, M.J.). But the Magistrate Judge's opinion in that case is neither controlling nor persuasive. Plaintiff's reading of *Crawford* has already been rejected by Judge Africk in a case that, like this one, involved claims of negligent maintenance against a

---

18   *Id.* at 7.
19   *Id.* at 8.
20   *Id.*

8

manufacturer. *See McKinney*, 2021 WL 1238906, at *6 ("[E]ven if *Crawford* could be read to support [plaintiffs'] two-hat theory[,] which is doubtful, . . . [,] that theory contradicts the plain language of the LPLA."). In any case, *Crawford* did not involve any asserted defect in the product itself. Rather, the claims involved the negligent transportation and handling of hydrochloric acid manufactured by the defendant. Specifically, plaintiff was injured when he opened the doors of a truck trailer that was leaking acid and fuming acid vapors. *Crawford*, 2008 WL 4186863, at *1. The acid itself, *i.e.*, the product, was not alleged to be defective. For these reasons, *Crawford* has no application here.

Moreover, Judge Fallon has specifically addressed a claim of negligent repair against a manufacturer, and concluded that the LPLA barred the claim. *See Stroderd*, 2005 WL 2037419, at *2 (Fallon, J.) (rejecting negligent-repair claims against a manufacturer based on the LPLA's exclusivity provision). Taken together, Judge Africk's and Judge Fallon's opinions in *McKinney* and *Stroderd* are highly persuasive as to the viability of plaintiff's negligence claims in this case.

Finding no reason to depart from the rulings of numerous other courts that have considered this issue, the Court finds that plaintiff's claims of negligence and negligent maintenance and repair against Crown are barred

9

by the exclusivity provision of the LPLA. Defendant Crown is entitled to summary judgment dismissing those claims.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Crown's motion for summary judgment, and dismisses plaintiff's claims for negligence and negligent maintenance and repair.

New Orleans, Louisiana, this __7th__ day of January, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE