UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAWSON VALLEE | CIVIL ACTION |
| VERSUS | NO. 20-1571 |
| CROWN EQUIPMENT CORP. OF OHIO, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is plaintiff's motion to stay the execution of defendant's bill of costs pending appeal of the Court's Orders and Reasons dismissing plaintiff's claims.[1] Defendant opposes the motion.[2] For the following reasons, the Court denies plaintiff's motion.

## I.   BACKGROUND

This case arises out of a forklift accident in Harahan, Louisiana.[3] On May 3, 2019, plaintiff Dawson Vallee was operating a forklift designed and manufactured by defendant Crown. He lost control of the machinery,[4] the forklift collided with a pole, and plaintiff's left leg was crushed.[5] As a result

---

[1]   R. Doc. 232.
[2]   R. Doc. 225.
[3]   R. Doc. 1-2 ¶ II.
[4]   R. Doc. 141-2 at 63 (Deposition of Dawson Vallee at 63:24-25).
[5]   *Id.* at 64 (Deposition of Dawson Vallee at 64:9-11).

1

of the accident, plaintiff underwent a below-the-knee amputation of his left leg.[6]

On May 1, 2020, plaintiff filed suit against Crown in Louisiana state court, alleging defective design and manufacture of the forklift, as well as "[a]ny and all acts of negligence including any and all other breaches of duty which may be proved at trial."[7]  Plaintiff also alleged that Crown employees were negligent in their maintenance and repair of the forklift at issue.[8]  On May 29, 2020, Crown removed the case to federal court, contending that the diversity requirements of 28 U.S.C. § 1332 were satisfied.[9]  Defendant subsequently moved for summary judgment on all of plaintiff's claims,[10] which the Court granted.  *See Vallee v. Crown Equip. Corp. of Ohio*, No. 20-1571, 2022 WL 179532, at *10 (E.D. La. Jan. 20, 2022); *Vallee v. Crown Equip. Corp. of Ohio*, No. 20-1571, 2022 WL 43627, at *4 (E.D. La. Jan. 5, 2022); *Vallee v. Crown Equip. Corp. of Ohio*, No. 20-1571, 2022 WL 84569, at *4 (E.D. La. Jan. 7, 2022).  Plaintiff is now appealing the Court's Orders

---

[6]   R. Doc. 141 at 1.
[7]   R. Doc. 1-2 ¶ III.
[8]   *Id.*
[9]   R. Doc. 1 at 1.
[10]  R. Docs. 110, 111 & 112.

2

and Reasons granting summary judgment to defendant on all of plaintiff's claims.[11]

On February 24, 2022, defendant tendered its bill of costs to the Clerk of Court in the amount of $21,742.99. Plaintiff opposed defendant's bill of costs, arguing that the amount should be reduced to $15,942.99. On April 21, 2022, the Clerk of Court held a hearing and taxed plaintiff in the amount of $19,172.99. Payment of those costs is now due to defendant, but plaintiff has moved for a stay pending his appeal.[12] Defendant opposes plaintiff's motion.[13]

The Court considers the parties' arguments below.

## II. DISCUSSION

In considering whether to grant a motion to stay pending appeal, the Court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[11]  R. Doc. 212.
[12]  R. Doc. 232.
[13]  R. Doc. 225.

*Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). The party seeking the stay bears the burden of establishing these criteria. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) (citing *Drummond v. Fulton Cnty. Dep't of Fam. & Child.'s Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976) (per curiam)).

Here, the Court finds that the plaintiff has not met his burden to establish that he is entitled to a stay of execution of the bill of costs. First, plaintiffs have failed to make any showing of likelihood of success on appeal. Plaintiff summarily asserts that he has a significant likelihood of success on appeal because the Court did not exclude his experts or strike their testimony in ruling on defendant's summary judgment motion. This ignores the fact that the Court reviewed the record and found that, even giving full consideration to plaintiff's expert reports, he failed to create a material fact issue on his claims. *Vallee v. Crown Equip. Corp. of Ohio*, No. 20-1571, 2022 WL 179532, at *5-10 (E.D. La. Jan. 20, 2022). The Court thus finds that the success-on-the-merits factor weighs against a stay for the reasons laid out in the Court's January 20, 2022 Order and Reasons granting summary judgment to defendant. *Id.*

Second, the Court finds that plaintiff has not shown that he faces a risk of irreparable injury if a stay were not issued. Here, plaintiff asserts that

paying the taxed costs while his appeal is pending would require him to liquidate his lawn care business, which would effectively deprive him of the ability to earn a living. The Court is not persuaded that this, by itself, amounts to irreparable injury. "The key word in this consideration is irreparable." *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (quoting *Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)). Therefore, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Id.* And, even if plaintiff's theory of irreparable harm were correct, he has not made a showing that he would actually be required to sell his business assets in the event that a stay is denied. Plaintiff's affidavit, by itself, does not establish that he would need to sell his truck, mower, and trailer, as it does not make any mention of his other assets, or lack thereof. Nor does his memorandum in support of the motion. Lastly, plaintiff does not address why bankruptcy protections or the procedural mechanisms for the enforcement of judgments under federal and Louisiana law are inadequate to address this situation. Accordingly, this factor weighs against a stay as well.

Third, plaintiff has failed to show that the issuance of a stay will not substantially injure defendant. Plaintiff contends that, because Crown is a

multi-billion-dollar corporation, it will not be substantially harmed by a stay. But he does not explain in any detail why defendant, unable to collect on an amount due to it and not receiving interest, is not harmed. The Court is not persuaded that the size or profitability of defendant, alone, means that it need not be able to collect costs that are legally owed until after the Court's judgment is affirmed. Further, that defendant was willing to forego costs if plaintiff did not appeal the Court's judgment does not evidence that the firm will not be harmed, as defendant's offer was for a quid pro quo transaction— defendant would have received the benefit of not having to pay further legal fees associated with the appeal nor would it have had to deal with the uncertainty of further litigation.

Finally, plaintiff has failed to show that the public interest lies in denying a stay. The law provides that the ordinary course of events requires the losing party to "pay[] the award now and obtain[] reimbursement in the event of a successful appeal." *Javery v. Lockheed Martin Corp.*, No. 17-5106, 2019 WL 181342, at *1 (E.D. La. Jan. 11, 2019). To the extent that plaintiff argues that imposition of costs will have a chilling effect on parties who seek to pursue their right to appeal, this framing is skewed. The Court is not "allowing" defendant to do anything other than to enforce a duly awarded entitlement to fees. Moreover, plaintiff's assertion ignores that (1) this

"chilling effect" could only occur where the defendant offers to waive costs if the plaintiff agrees not to appeal an adverse decision, and (2) plaintiff may be liable for additional costs if his appeal is unsuccessful.

Accordingly, the Court declines to stay the execution of the bill of costs in this matter.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion.

New Orleans, Louisiana, this __28th__ day of December, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE